**Xing DUAN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–6169–AG.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

---

Robert J. Pures II, New York, NY, for Petitioner.

Charles T. Miller, United States Attorney, Fred B. Westfall Jr., Assistant United States Attorney, Charleston, WV, for Respondent.

Present: DENNIS JACOBS, Chief Judge, ROGER J. MINER and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Xing Duan Chen, a native and citizen of China, seeks review of an Octo-ber 27, 2005 order of the BIA adopting and affirming Immigration Judge ("IJ") Sandy Hom's June 15, 2004 decision denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Duan Chen,* No. A95 168 442 (B.I.A. Oct. 27, 2005), *aff'g* A95 168 442 (Immig. Ct. N.Y. City June 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The IJ was highly troubled by Chen's demeanor during his testimony. This Court gives particular deference to credibility determinations, like this one, that are based on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73. In *Zhou Yun Zhang,* this Court explained that a fact-finder who assesses testimony together with demeanor is in the best position to discern whether the witness is truthful. *Id.* As such, this is an appropriate basis for the IJ's adverse credibility finding.

The IJ was also reasonable in determining that Chen's documentary evidence was insufficient to corroborate his claim. The weight afforded to a particular document is largely left to IJ's discretion. *Xiao Ji Chen,* 434 F.3d at 164. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into

question. *See id.* However, while a failure to corroborate may, on its own, lead to a claim's denial based on sufficiency of the evidence as opposed to credibility, it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Here, the IJ acted within his discretion in affording minimal weight to Chen's unauthenticated documents, and, because the lack of corroboration was combined with other proper factors supporting a negative credibility determination, the IJ reasonably relied on Chen's failure to corroborate his claims in finding him not to be credible.

Finally, the IJ reasonably relied on Chen's inconsistent testimony with respect to how many times he was fined and his reasons for returning to his home village to find him not credible, as these facts are central to the events surrounding his wife's alleged forced sterilization. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Chen's denial of one inconsistency and his claim that the other was due to his inability to remember details would not compel a reasonable adjudicator to find the discrepancies resolved. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). This is an appropriate basis for the IJ's negative credibility determination.

Substantial evidence in the record thus supports the IJ's denial of asylum. Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Chen's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the agency's denial

of CAT relief based on his lack of credibility was also appropriate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).